KINGSTON STEAMSHIP CORPORATION, PETITIONER, *v.* RENEGOTIATION BOARD, RESPONDENT

ROCKLAND STEAMSHIP CORPORATION, PETITIONER, *v.* RENEGOTIATION BOARD, RESPONDENT

Docket Nos. 1009–R, 1010–R. Filed May 24, 1966.

*Robert A. Kagan*, for the petitioners.
*Irwin Goldbloom*, for the respondent.

#### OPINION

ARUNDELL, *Judge:* Under date of June 15, 1960, the Renegotiation Board issued its Order After Review determining that the Kingston Steamship Corp. had received excessive profits under the Renegotiation Act of 1951, as amended, in the amount of $150,000 with respect to the fiscal year of the contractor ended March 31, 1957, upon contracts and subcontracts. On the same date the respondent issued a similar order determining that the Rockland Steamship Corp. had received excessive profits under the aforesaid Renegotiation Act of 1951 in the amount of $125,000 with respect to certain contracts and subcontracts for the fiscal year ended March 31, 1957.

The sole question presented for decision is whether contracts for the transportation of supplies for the Navy in vessels of the United States, which contracts are made pursuant to section 2631 of title 10 of the United States Code,[1] are subject to the provisions of the Renegotiation Act of 1951, as amended, in the absence of a finding by the President of the United States that the freight charged by such vessels is excessive or otherwise unreasonable.

This same question was presented in March 1961 to the U.S. District Court, Southern District of New York, in *United States* v. *Rockland Steamship Corporation*, 218 F. Supp. 509 (1963), wherein the court said:

The key question on these facts is whether this Court has the power to decide now if the contracts are covered by the Renegotiation Act. I conclude that the Court does not have such power and that defendants must pursue their already pending suit in the Tax Court for a decision as to that issue. * * *

---

[1] Sec. 2631. Supplies: preference to United States vessels.

Only vessels of the United States or belonging to the United States may be used in the transportation by sea of supplies bought for the Army, Navy, Air Force, or Marine Corps. However, if the President finds that the freight charged by those vessels is excessive or otherwise unreasonable, contracts for transportation may be made as otherwise provided by law. Charges made for the transportation of those supplies by those vessels may not be higher than the charges made for transporting like goods for private persons. [Aug. 10, 1956, ch. 1041, 70A Stat. 146.]

The parties have stipulated that if the petitioners are subject to the Renegotiation Act of 1951, the Kingston Steamship Corp. and the Rockland Steamship Corp. received excessive profits in the amounts determined respectively by the Renegotiation Board for the fiscal year ended March 31, 1957.

The facts are stipulated and are incorporated herein by reference.

Petitioner Kingston Steamship Corp. is a New York corporation incorporated under the laws of New York on April 18, 1956. At all times material herein petitioner's principal office and place of business was at New York, N.Y.

Petitioner Rockland Steamship Corp. is a New York corporation incorporated under the laws of New York on April 10, 1956. At all times material herein petitioner's principal office and place of business was New York, N.Y.

During the fiscal year ended March 31, 1957, petitioner Kingston Steamship Corp. and petitioner Rockland Steamship Corp. had receipts and accruals and profits from the performance of various contracts which they had with the Department of the Navy for the transportation by sea in vessels of the United States of diesel fuel, aviation gas, and jet fuel as supplies for the Navy.

The Renegotiation Board determined that $125,000 of the profits realized by the Rockland Steamship Corp. was excessive within the meaning of the Renegotiation Act of 1951, as amended.

The Renegotiation Board determined that $150,000 of the profits realized by the Kingston Steamship Corp. was excessive within the meaning of the Renegotiation Act of 1951, as amended.

During the period covered by petitioners' fiscal years ended March 31, 1957, the President of the United States did not make a finding pursuant to 10 U.S.C. sec. 2631, *supra.*

Petitioners contend that since 1904 the transportation of military supplies by sea has been subject to special provisions of law and that under section 2631, 10 U.S.C., as amended by Public Law 1028, 84th Cong., 2d Sess., 70A Stat. 146 (see fn. 1), a preference is given to the American shipowners. This section specifically provides that, in the absence of certain findings, only American vessels can be used for the transportation of military supplies. It is further provided that if the rates of American ships should become excessive or otherwise unreasonable and the President of the United States so finds, contracts for transportation may be made as otherwise provided by law. From this statement of the law petitioners argue that, in the absence of a finding by the President that the rates were unreasonable or excessive, there is no basis for finding that the earnings under the Renegotiation law were excessive.

We cannot agree with this contention. On the contrary, we agree with the respondent that the provisions of section 2631, 10 U.S.C., are

irrelevant to the renegotiability of Navy contracts under the provisions of the Renegotiation Act of 1951, as amended.

Section 2631, which originally appeared in 1904 as chapter 1766, 33 Stat. 518, was before the Attorney General for his consideration some years ago and, in 26 Op. Atty. Gen. 415, it was said that the purpose of section 2631 was to accord a preference or privilege for American shipowners in the transportation of military supplies. The fact that the President made no finding pursuant to section 2631 during 1957 would seem to have no bearing on the specific coverage of Navy contracts by the Renegotiation Act.

The intent of Congress in the Renegotiation Act "was to limit profits derived from war production by prime contractors and subcontractors." *Grob Brothers* v. *Secretary of War*, 9 T.C. 495, 500.

Section 102(a) of the Renegotiation Act of 1951, as amended, 50 U.S.C. App. 1212(a), provides that the Act "shall be applicable (1) to all contracts with the Departments specifically named in section 103(a)" and section 103(a) of the Act defines the term "Department" as meaning, *inter alia*, the "Department of the Navy."

We hold that the Renegotiation Act of 1951, as amended, specifically applies to petitioners' contracts with the Department of the Navy.

*An order will be issued in accordance herewith.*